EDWARD BONDURANT, ETC., *v.* ANDREW JACKSON EWING.

**Vendor and Purchaser—Deficiency in Amount Too Small.**
The deficiency of nine acres, if clearly shown to exist, is too small
to entitle the purchaser to any relief for a mere mistake or error in
judgment as to the quantity of land contained in the tract.

APPEAL FROM MONTGOMERY CIRCUIT COURT.

April 20, 1872.

OPINION OF THE COURT BY JUDGE HARDIN:

According to the written renewal of the contract, the sale
was simply one in gross of all the land "supposed to contain
519 acres" for $40,000.

It is neither alleged nor proved that the vendor was guilty
of fraud in making the sale by false representations of the
quantity or otherwise; but the grounds of the defense presented
in the answer (which is not, as assumed to be, a counterclaim)
were, that by mistake, a verbal stipulation was left out of the
writing, which, if inserted, would have made it optional with
the appellee to take the land as containing 519 acres for the
sum of $40,000, or have it surveyed and pay only for the num-
ber of acres he got at the rate of $40,000 for 519 acres; and that
there were but 510 acres.

The evidence conduces to the conclusion that there are but
510 acres in the tract, and that Bondurant was at one time will-
ing to adjust the price in the manner stated, if the appellee
would then elect to have the land surveyed; but it does not
appear that the appellee then required or desired to have the
land surveyed; and we are not satisfied from the evidence, that
according to the contract he was entitled to that right, or, in
other words, that there was anything omitted by mistake in
reducing the terms of the agreement to writing. And accord-
ing to numerous decisions of this court, the deficiency of nine
acres, if clearly shown to exist, is too small to entitle the pur-
chaser under such a contract to any relief for a mere mistake
or error in judgment as to the quantity of land contained in
the tract.

The judgment is therefore deemed erroneous, in so far as

it makes any deduction for deficiency in the quantity of the land.

Wherefore, the judgment is reversed on the original appeal and the cause remanded for a judgment in conformity to this opinion; and it is *affirmed* on the cross-appeal.

*Huston, Turner & Cornelison, for appellants.*

*Apperson & Reid, for appellee.*

